# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CENTER CITY HEALTHCARE, LLC d/b/a HAHNEMANN UNIVERSITY HOSPITAL, *et al*.,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| CENTER CITY HEALTHCARE, LLC, d/b/a HAHNEMANN UNIVERSITY HOSPITAL, PHILADELPHIA ACADEMIC HEALTH SYSTEM, LLC, ST. CHRISTOPHER'S HEALTHCARE, LLC, and SCHC PEDIATRIC ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDLINE INDUSTRIES INC.,<br><br>    Defendant. | <br><br><br><br><br><br><br><br>Adv. Proc. No. 21-50920 (MFW)<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Medline Industries, Inc. (the "<u>Defendant</u>") hereby answers and responds to the Complaint (the "<u>Complaint</u>") as follows:

## NATURE OF ACTION

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

{00032691. }

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits that "[n]o trustee has been appointed for any of the Debtors in the Chapter 11 Cases and the Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code[,]" but denies the remaining assertions in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. The allegations contained in Paragraph 16 of the Complaint are legal conclusions to which no response is required. Insofar as a response is required, Defendant denies the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 of the Complaint are legal conclusions to which no response is required. Insofar as a response is required, Defendant denies the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 of the Complaint are legal conclusions to which no response is required. Insofar as a response is required, Defendant does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

19. The allegations contained in Paragraph 19 of the Complaint are legal conclusions to which no response is required. Insofar as a response is required, Defendant denies the allegations contained in Paragraph 19.

## FACTS

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint and refers to the invoices generated by the Defendant to the Plaintiffs for the true and accurate contents thereof, and denies any allegations or characterizations inconsistent therewith in Paragraph 31 of the Complaint.

32. Defendant refers to the invoices generated by the Defendant to the Plaintiffs and the Defendant's books and records for the true and accurate contents thereof, and denies any allegations or characterizations inconsistent therewith in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant refers to the Demand for the true and accurate contents thereof, and denies any allegations or characterizations inconsistent therewith in Paragraph 34 of the Complaint. To the extent necessary, Defendant denies the allegations set forth in the Demand.

35. The allegations contained in Paragraph 35 of the Complaint are legal conclusions to which no response is required. Insofar as a response is required, Defendant denies the allegations contained in Paragraph 35.

### FIRST CLAIM FOR RELIEF
**(Avoidance of Preferential Transfers - 11 U.S.C. § 547)**

36. Defendant repeats and realleges each and every answer above as if fully set forth herein.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested therein.

## SECOND CLAIM FOR RELIEF
**(Avoidance of Fraudulent Transfers - 11 U.S.C. § 548)**

46. Defendant repeats and realleges each and every answer above as if fully set forth herein.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested therein.

## THIRD CLAIM FOR RELIEF
**(Recovery of Property -- 11 U.S.C. § 550)**

49. Defendant repeats and realleges each and every answer above as if fully set forth herein.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint denies that Plaintiffs are entitled to any of the relief requested therein.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested therein.

## FOURTH CLAIM FOR RELIEF
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

52. Defendant repeats and realleges each and every answer above as if fully set forth herein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint and denies that Plaintiffs are entitled to any of the relief requested therein.

## AS TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause following Paragraph 55 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting to any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, or that such matters are not elements of Plaintiffs' *prima facie* case, Defendant asserts the following affirmative defenses, pled in the alternative to the extent that they may be found to be inconsistent. Defendant reserves the right to amend this Answer to supplement or delete these defenses, or assert further defenses, as justice may require.

## FIRST DEFENSE

56. To the extent the Plaintiffs transferred any interest in property to or for the benefit of Defendant during the Preference Period, such transfers were intended by the Plaintiffs and Defendant to be contemporaneous exchanges for new value given to the Plaintiffs, and the transfers were, in fact, substantially contemporaneous exchanges. 11 U.S.C. § 547(c)(1).

## SECOND DEFENSE

57. To the extent the Plaintiffs transferred any interest in property to or for the benefit of Defendant during the Preference Period, such transfers were in payment of a debt incurred by the Plaintiffs in the ordinary course of business or financial affairs of the Plaintiffs and Defendant and either were (i) made in the ordinary course of business or financial affairs of the Plaintiffs and Defendant; or (ii) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

## THIRD DEFENSE

58. To the extent that the Plaintiffs transferred any interest in property to or for the benefit of Defendant during the Preference Period, after such transfers, Defendant gave new value given to or for the benefit of the Plaintiffs, not secured by an otherwise unavoidable security interest and on account of which new value the Plaintiffs did not make an otherwise unavoidable transfer to or for the benefit of Defendant. 11 U.S.C. § 547(c)(4).

## FOURTH DEFENSE

59. An alleged transferee is entitled to setoff or recoupment against any claim for any amounts owed to the transferee by the Plaintiffs for unpaid post-petition charges which are entitled to an administrative expense priority under 11 U.S.C. § 503.

## FIFTH DEFENSE

60. Plaintiffs' claims are barred by 11 U.S.C. §§ 548(c) and 550(b)(1) because Defendant received the alleged transfers referred to in the Complaint for value and in good faith in satisfaction of a pre-existing debt and without knowledge of the purported avoidability of such transfers.

## SIXTH DEFENSE

61. Plaintiffs' claims fail to plead each element of a fraudulent transfer under 11 U.S.C. § 548(a) with sufficient particularity.

## SEVENTH DEFENSE

62. The Court lacks subject matter jurisdiction over this action.

## EIGHTH DEFENSE

63. The Court lacks personal jurisdiction over the Defendant and venue is improper.

{00032691. }

**NINTH DEFENSE**

64. The Complaint fails to state a claim upon which relief can be granted.

**TENTH DEFENSE**

65. Plaintiffs' claims are barred, in whole or in part, because they are not provided for by law.

**ELEVENTH DEFENSE**

66. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert them.

**TWELFTH DEFENSE**

67. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack the legal capacity to assert them.

**THIRTEENTH DEFENSE**

68. Plaintiffs' claims are barred, in whole or in part, because a controversy does not exist involving the rights of the parties.

**FOURTEENTH DEFENSE**

69. Plaintiffs' claims are barred, in whole or in part, because they are unripe.

**FIFTEENTH DEFENSE**

70. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered a cognizable injury.

**SIXTEENTH DEFENSE**

71. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered damages.

### SEVENTEENTH DEFENSE

72.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### EIGHTEENTH DEFENSE

73.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### NINETEENTH DEFENSE

74.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### TWENTIETH DEFENSE

75.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to join a necessary party.

### TWENTY-FIRST DEFENSE

76.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, are speculative, uncertain, unreasonable, and incapable of being ascertained.

### TWENTY-SECOND DEFENSE

77.  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs breached contractual duties and their duty of good faith and fair dealing.

### TWENTY-THIRD DEFENSE

78.  Plaintiffs' claims are barred, in whole or in part, by their own inequitable conduct.

### TWENTY-FOURTH DEFENSE

79.  Plaintiffs' claims are barred, in whole or in part, because they committed fraud.

### TWENTY-FIFTH DEFENSE

80.  Plaintiffs' claims are barred, in whole or in part, by the doctrine of illegality.

### TWENTY-SIXTH DEFENSE

81.  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach of trust.

### TWENTY-SEVENTH DEFENSE

82. Plaintiffs' claims are barred, in whole or in part, by the express, implied, or equitable release of the rights now asserted.

### TWENTY-EIGHTH DEFENSE

83. Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res judicata*.

### TWENTY-NINTH DEFENSE

84. Plaintiffs' claims are barred, in whole or in part, by the doctrine of collateral and/or equitable estoppel.

### THIRTIETH DEFENSE

85. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, laches, and the statute of repose.

### THIRTY-FIRST DEFENSE

86. Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

### THIRTY-SECOND DEFENSE

87. Plaintiffs' claims are barred, in whole or in part, by Defendant's payment or offers of payment to Plaintiffs.

### THIRTY-THIRD DEFENSE

88. Plaintiffs' claims are barred, in whole or in part, because any injuries or damages allegedly sustained by Plaintiffs were the result of independent, unforeseeable, superseding, or intervening causes.

### THIRTY-FOURTH DEFENSE

89. Plaintiffs' alleged injuries or damages, if any, were caused, in whole or in part, by the acts and omissions of third parties over whom Defendant had no authority or control.

**THIRTY-FIFTH DEFENSE**

90. Plaintiffs' recovery, if any, should be barred or reduced by the contributory negligence, fault, responsibility, or causation of Plaintiffs or others.

**THIRTY-SIXTH DEFENSE**

91. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged damages or losses and or by culpable conduct claimed in diminution of damages.

**THIRTY-SEVENTH DEFENSE**

92. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs recover funds from a collateral source.

**THIRTY-EIGHTH DEFENSE**

93. Plaintiffs' claims are barred, in whole or in part, because Defendant owed no duty to Plaintiffs.

**THIRTY-NINTH DEFENSE**

94. Plaintiffs will rely on such other defenses as may become available by law, or pursuant to statute, and hereby reserve the right to amend this Answer to assert such defenses.

**FORTIETH DEFENSE**

95. Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' misrepresentations.

**FORTY-FIRST DEFENSE**

96. Plaintiffs' claims are barred because an insider (as defined in 11 U.S.C. § 101) is liable for any damages.

## FORTY-SECOND DEFENSE

97. Defendant is entitled to recover contribution from others for any liability incurred with respect to the Complaint.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Court grant the following relief:

a. Judgment dismissing Plaintiffs' claims;

b. An award of attorneys' fees and costs; and

c. Such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: February 4, 2022<br>       Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br><br>*/s/ Jason A. Gibson*<br>Jason A. Gibson (DE 6091)<br>824 N. Market St., Suite 810<br>Wilmington, Delaware<br>Telephone: (302) 777-1111<br>Email: gibson@teamrosner.com<br><br>and<br><br>**LOWENSTEIN SANDLER LLP**<br>Robert M. Hirsh, Esq.<br>Bruce S. Nathan, Esq.<br>Phillip Khezri, Esq.<br>1251 Avenue of the Americas, 17th Floor<br>New York, New York 10020<br>Telephone: (212) 262-6700<br>Facsimile: (212) 262-7402<br>Email: rhirsh@lowenstein.com<br>       bnathan@lowenstein.com<br>       pkhezri@lowenstein.com<br><br>-and-<br><br>Michael A. Kaplan<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br>Email: mkaplan@lowenstein.com<br><br>*Attorneys for Defendant* |