

| | | |
|---|---|---|
| | **Michael A. Kaplan**<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068<br><br>**T**:  973-597-2302<br>**F**:  973-597-2303<br>**E**:  mkaplan@lowenstein.com |

October 18, 2022

Honorable Mary F. Walrath
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

    Re:    *Center City Healthcare, LLC, et. al., v. Medline Industries, Inc.*,
              **Adv. Proc. No. 21-50920 (MFW)**

Dear Judge Walrath:

Please accept this letter as Medline Industries, Inc.'s ("Medline") response to Plaintiffs' letter of October 17, 2022, regarding unresolved discovery disputes.

Plaintiffs' proposed depositions must seek testimony "relevant to any party's claim or defense ***and proportional to the needs of the case***." Fed. R. Civ. P. 26(b)(1) (emphasis added); *see also* Fed. R. Bankr. P. 7026. This is a preference action where the relevant facts are either undisputed or subject to proof through the objective documentary evidence the parties already produced. This includes Medline's new value defense of $3,370,410.29, which cuts the value of this case, before any other defenses, to only $1,022,614.71. Notwithstanding that reality, Plaintiffs seek to drive litigation costs into the six figures, before expert discovery, by deposing ***five*** of Medline's employees who all have overlapping knowledge, in addition to Medline's Chief Operating Officer, Jim Abrams, and a corporate designee. Plaintiffs' request is not proportional to the needs of this case and the Court should reject it for what it is: an attempt to drive up litigation cost, harass one of Medline's most-important executives, and use discovery to coerce Medline into settling.

**Plaintiffs' requested depositions are not proportional to the needs of this case.** The parties do not dispute the operative facts relevant to Plaintiffs' claims, including that Medline was a creditor of Plaintiffs when the relevant transfers occurred; that the transfers occurred within the preference period; or that the transfers paid antecedent debts. Plaintiffs' affirmative claims, accordingly, do not require testimonial evidence.

Defendants' primary defenses are new value, objective ordinary course of business, subjective ordinary course of business, and earmarking. Testimony from ***Medline's employees*** is not material to any of those defenses. On earmarking, the only relevant evidence is Plaintiffs' documents and the testimony of Plaintiffs' witnesses with authority over Plaintiffs' accounts. As to new value, Medline expects to stipulate with Plaintiffs on the value of new value Medline provided. Even if a stipulation cannot be reached, that defense will rise and fall on the objective documentary evidence and/or expert testimony, not the duplicative testimony from Medline's sales and credit employees that Plaintiffs seek. Similarly, Medline's objective ordinary course defense will be decided based on the documentary evidence—the dates of Plaintiffs' payments to Medline relative to Medline's invoices over the course of the parties' entire relationship as compared to the industry.

Hon. Mary F. Walrath, U.S.B.J.  October 18, 2022
Page 2

Medline's assertion of a subjective ordinary course of business defense is not a basis for the Court to order seven depositions. Medline has offered a corporate designee to testify on whether it took "an unusual action . . . to collect" and has produced all relevant communications between it and Plaintiffs. Plaintiffs do not need members of Medline's sales and credit departments to testify repeatedly about the same three-year-old interactions they had with Plaintiffs' employees.

In sum, the maximum value of this case (assuming no other defenses apply) is $1,022,614.71. Plaintiffs' proposed depositions will drive litigation costs into the six figures before expert discovery begins, let alone dispositive motions and trial, and will do nothing to resolve the disputed issues. The request is not proportional to the needs of this case.

**The apex doctrine separately forecloses Plaintiffs' request to depose Mr. Abrams.** Depositions of high-ranking corporate officers, such as Mr. Abrams, are "only [allowed] upon a showing that those officers have particularly relevant information to offer that is not equally available from other, less burdensome sources." *British Telecommunications PLC v. IAC/Interactivecorp*, No. 18-366-WCB, 2020 WL 1043974, at *8 (D. Del. March 4, 2020). Plaintiffs bear the burden in overcoming this rule. *Younes v. 7-Eleven, Inc.*, No. 13-3500, 2015 WL 12844446, at *3 (D.N.J. Nov. 1, 2015). Plaintiffs cannot meet their burden on either factor.

Mr. Abrams is Medline's COO and is protected by the apex doctrine. The emails attached to the Plaintiffs' letter show that Mr. Abrams had high-level knowledge about the parties' business relationship but delegated responsibilities to employees like Shane Reed and Pam Tyler. Mr. Abrams' general knowledge of the parties' business relationship and course of dealings—which is also available through the documents produced and Medline's corporate designee—is not important to "resolving the issues." Fed. R. Civ. P. 26(b)(1). Further, Plaintiffs Exhibit A-3 proves Mr. Abrams does not have unique knowledge of discussions with Joel Freedman—Pam Tyler "was on the call." *See* Pls' Ex. A-3 at 1. Nor have Plaintiffs even attempted to gain the information they seek through the corporate designee that Medline offered. *Younes*, 2015 WL 12844446, at *3 ("[t]he Court [should] not permit high ranking depositions to go forward if plaintiffs did not attempt to get the information they want from lower level witnesses.")

The Court should not permit Plaintiffs to depose Mr. Abrams or the five other employees identified. Medline is willing to discuss the scheduling of limited fact depositions, to the extent Plaintiffs can establish a need, after deposing Medline's corporate designee.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Michael A Kaplan*

Michael A. Kaplan

38062/3
10/18/2022 212458872.2

