**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Ch. 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC | ) | Case No. 19-11466 (MFW) |
| d/b/a HAHNEMANN UNIVERSITY | ) | |
| HOSPITAL, et al., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| CENTER CITY HEALTHCARE, LLC, | ) | |
| d/b/a HAHNEMANN UNIVERSITY | ) | |
| HOSPITAL, PHILADELPHIA | ) | Adv. Proc. No. 21-50920 (MFW) |
| ACADEMIC HEALTH SYSTEM, LLC, | ) | |
| ST. CHRISTOPHER'S HEALTHCARE, | ) | |
| LLC and SCHC PEDIATRIC | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDLINE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | Rel Docs: 1, 51, 52, 53 |

**MEMORANDUM OPINION**[1]

Before the Court is a Motion for Leave to File an Amended Complaint filed by Center City Healthcare, LLC d/b/a Hahnemann University Hospital, Philadelphia Academic Health System, LLC, St. Christopher's Healthcare LLC, and SCHC Pediatric Associates, LLC (collectively, "the Plaintiffs"). The Motion is opposed by Medline Industries, Inc. (the "Defendant"). For the reasons stated below, the Court will deny the Motion.

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Amended Complaint, which must be accepted as true for the purposes of these Motions to Dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

I.   BACKGROUND

The Plaintiffs, and several of their affiliates, filed petitions for relief under chapter 11 of the Bankruptcy Code in June and July 2019.[2]  No trustee has been appointed and the Plaintiffs continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108(a) of the Bankruptcy Code.

Prior to the Petition Date, one or more of the Plaintiffs made certain transfers to the Defendant for goods and/or services provided, pursuant to invoices or statements submitted by the Defendant.  In June 2021, the Plaintiffs filed a complaint seeking to avoid and recover transfers (totaling $4,393,024.56) made to the Defendant between April 1 and June 30, 2019 (the "Preference Period") pursuant to sections 547, 548 and 550 of the Bankruptcy Code.

The Plaintiffs and the Defendant engaged in the exchange of information and discovery through May 2023.  During discovery the Plaintiffs found evidence of an additional payment made by check to the Defendant in the amount of $236,284.88 (the "Additional Transfer").  The Plaintiff requested that the Defendant consent to the filing of an amended complaint to include the Additional Transfer, but the Defendant refused.

---

[2]  See D.I. 1.  References to the docket in the main case are to "D.I. #" while references to the docket in this adversary proceeding are to "Adv. D.I. #."

By the Motion, the Plaintiffs seek leave to file an Amended Complaint, to add the Additional Transfer.  The Motion has been fully briefed and is ripe for decision.

## II. JURISDICTION

The Motion is a core proceeding over which the Court has subject-matter jurisdiction.[3]  Additionally, the parties have consented to the entry of a final order by this Court.[4]

## III. DISCUSSION

The Plaintiffs argue that leave to file an amended complaint is usually freely granted.[5]  They contend that the Defendant is a sophisticated party who had notice of the Additional Transfer which was part of the same transactions as the transfers listed in the Original Complaint.[6]

---

[3]   28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(O) & 1334(b).

[4]   Adv. D.I. 1 at ¶ 18.  Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 683-84 (2015) (holding that the bankruptcy court may enter a final order without offending Article III so long as the parties consent).  See also Del. Bankr. L.R. 9013-1(f) & (h) (requiring that all motions and objections "shall contain a statement that the [filing party] does or does not consent to the entry of final orders" and that in the absence of such a statement, the party "shall have waived the right to contest the authority of the Court to enter final orders or judgments.").

[5]   See Foman v. Davis, 371 U.S. 178, 182 (1962).

[6]   Brandt v. Gerardo (In re Gerardo Leasing, Inc.), 173 B.R. 379, 390 (Bankr. N.D. Ill. 1994).

The Defendant argues that granting leave to amend the Original Complaint would be futile under Rule 15 because the new claim is time-barred.  It further contends that the Plaintiffs failed to satisfy the diligence obligations under section 547(b) before filing the Original Complaint, which precludes them from amending it now.[7]

The Plaintiffs respond that the Defendant will not be prejudiced as the Plaintiffs only became aware of the Additional Transfer from documents provided by the Defendant in discovery.  Thus, they contend that the Defendant cannot show that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered" in response to this new allegation.[8]

Rule 15 of the Federal Rules of Civil Procedure[9] provides that leave to amend a complaint should be freely granted "when justice so requires," although doing so is within the discretion of the Court.[10]  In determining whether to grant or deny leave to amend, courts balance several factors including: (1) futility,

---

[7]   Pinktoe Liquidation Trust v. Dellal (In re Pinktoe Tarantula Ltd.), No. 18-10344 (LSS), 2023 WL 2960894, at *5 (Bankr. D. Del. Apr. 14, 2023) (concluding that "the due diligence requirement is an element of a preference claim, not an affirmative defense.").

[8]   Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990).

[9]   Rule 15 is made applicable to this proceeding by Rule 7015 of the Federal Rules of Bankruptcy Procedure.  Fed R. Bankr. P. 7015.

[10]   Fed. R. Civ. P. 15(a)(2).

(2) undue delay, (3) bad-faith, and (4) prejudice.[11]  The mere passage of time is usually not enough to warrant denying leave to amend.[12]

　　A.　Futility

The Defendant asserts that the claim for avoidance of the Additional Transfer which the Amended Complaint seeks to add is time-barred, thus rendering the Plaintiffs' Motion futile.  The Plaintiffs respond that the Defendant's argument is misplaced, as futility in this context means the Original Complaint, as amended, would fail to state a claim upon which relief could be granted.

To assess futility, courts apply the same standard of legal sufficiency applicable under Rule 12(b)(6).  That is, a "court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."[13]  When considering denial of an amendment on the grounds of futility, "[t]he facts alleged in the proposed amended complaint, and all reasonable inferences drawn from those facts are construed in the [moving party's] favor."[14]

---

[11]　Foman, 371 U.S. at 182.

[12]　Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (internal citations omitted).

[13]　Charys Liquidating Trust v. Hades Advisors, LLC (In re Charys Holding Co.), 443 B.R. 638, 643 (Bankr. D. Del. 2011) (quoting Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)).

[14]　In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

A statute of limitations defense may be raised in a Rule 12(b)(6) motion rather than as an affirmative defense, "[when] the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[15]

The statute of limitations for preference claims requires that they be filed within two years after the entry of the order for relief in the case unless a trustee has been appointed.[16] Here, the Plaintiffs are seeking leave to amend nearly two years after the statute of limitations expired to add a claim for a payment made more than four years ago. Accordingly, the Amended Complaint could not survive a motion to dismiss and leave to amend would be futile, unless the Court concludes that the Amended Complaint relates back to the Original Complaint.

    B.    <u>Relation Back</u>

Rule 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."[17]

The Plaintiffs argue that relation back is appropriate in this case because the Additional Transfer completes gaps in the

---

[15]    <u>Robinson v. Johnson</u>, 313 F.3d 128, 135 (3d Cir. 2002).

[16]    11 U.S.C. § 546(a)(1). No trustee has been appointed in this case.

[17]    Fed. R. Civ. P. 15(c)(1)(B).

6

Preference Period transaction history, was made in a similar fashion as other payments made during the period, and thus arose out of the same conduct, transaction or occurrence as the transfers listed in the Original Complaint.[18]

The Defendant argues that the additional claim does not relate back to the filing of the Original Complaint. It contends that the Original Complaint fails to plead any specific information that would put them on notice of the Additional Transfer and fails to show a "systematic" method or "pattern" of payments between the parties, such that the Additional Transfer "fill[s] the gaps" in transactions referenced in the Original Complaint.[19] The Defendant also notes that the Additional

---

[18] Burtch v. Dent (In re Circle Y of Yoakum, Texas), 354 B.R. 349, 357 (Bankr. D. Del. 2006) (granting chapter 7 trustee's motion for leave to amend because the additional preference payments in the amended complaint had a factual "nexus" to and were part of a "systematic series of payments alleged in the original complaint, thus relating back); Gerardo Leasing, 173 B.R. at 390-91 (holding that the amended complaint related back to the original complaint where a trial could reasonably show that the payments were part of a "single pattern of conduct" and, thus, part of the "same transaction" such that the amendment would not be futile).

[19] Golden v. The Guardian (In re Lenox Healthcare, Inc.), 343 B.R. 96, 106 (Bankr. D. Del. 2006) (holding that the additional transfer did not relate back to those alleged in the original complaint, because the original complaint identified specific transfers while the amended complaint challenged new unrelated transfers); Burtch v. Opus, L.L.C. (In re Opus East, L.L.C.), No. 09-12261 (MFW), 2013 WL 4478914, at *4 (Bankr. D. Del. Aug. 6, 2013) (holding that the additional transfers did not relate back to the original complaint because the initial complaint "specifically identified by amount, transferor and transferee, the transfers to be avoided" and did not describe the additional

Transfer is not within the same time frame as the payments identified in Exhibit A of the Original Complaint.[20]  Finally, it contends that in "avoidance litigation, each transfer is treated as a separate transaction for purposes of applying the relation back doctrine."[21]

The Court agrees with the Defendant in this case.  An important factor in determining whether to allow an amended complaint to relate back to the date of the original filing is whether "there is a nexus between the factual allegations in the original pleading and the amended complaint" that provides notice to the Defendant of the basis for the amended pleading.[22]  "[A]n

---

transfers sought to be avoided in the amended complaint).

[20]   Exhibit A to the Original Complaint identifies a series of payments starting on April 10, 2019.  Adv. D.I. 1 at Ex. A.  Exhibit A to the Amended Complaint shows that the Additional Transfer occurred on April 5, 2019.  Adv. D.I. 51 at Ex. A.

[21]   Buckwald Cap. Advisors v. JP Morgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.), 447 B.R. 170, 182 (Bankr. S.D.N.Y. 2011).  See also In re 360networks (USA) Inc., 367 B.R. 428, 434 (Bankr. S.D.N.Y. 2007) (holding that "a preference action based on one transfer does not put defendant on notice of claims with respect to any other unidentified transfers.") (citation omitted); Weinman v. Garton (In re Matt Garton & Assocs., LLC), No. AP 21-1215 TBM, 2022 WL 711518, at *11 (Bankr. D. Colo. Feb. 14, 2022) (collecting cases).

[22]   Powermate Corp. v. Phoenix Int'l Freight (In re Powermate Holding Corp.), No. 08-10498 (KG), 2011 WL 3654436, at *2 (Bankr. D. Del. Aug. 18, 2011).  See also Enron Corp. v. Granite Constr. Co. (In re Enron Corp.), No. 03-93172 (AJG), 2006 WL 2400369, at *11 (Bankr. S.D.N.Y. May 11, 2006) ("One test that many courts have employed in order to determine whether an amendment to pleadings will relate back is to determine whether the initial complaint put the defendants, both current and proposed, on notice of what must be defended against in the amended

amended complaint will not relate back if it is based on new facts and different transactions."[23]

The cases addressing this issue illustrate when an amendment of a preference action properly relates back to the original complaint.  In Gerardo Leasing, the Court held that the amended complaint did relate back to the original complaint because the timing of the payments suggested that they were part of a series of periodic payments between the parties.[24]  Similarly, in Powermate, the Court held that the additional transfers related back to the original complaint because the payments appeared to be systematic, were received on a weekly basis like the original transfers, and merely filled in gaps between payments as indicated on a spreadsheet, thus completing the pattern of weekly payments.[25]  In Circle Y, the Court allowed an amendment as to one defendant because the additional payments to it were also made monthly and in the same amount as the payments alleged in the original complaint, but the Court disallowed an amendment as to another defendant because the additional payments to him were

---

pleadings.") (quoting Barr v. Charterhouse Group Int'l, Inc. (In re Everfresh Beverages, Inc.), 238 B.R. 558, 573-574 (Bankr. S.D.N.Y. 1999).

[23]   Enron, 2006 WL 2400369, at *11 (internal citations omitted).

[24]   Gerardo Leasing, 173 B.R. at 389.

[25]   Powermate, 2011 WL 3654436, at *3.

not similar in amount or timing to the original payments.[26]  In Enron, the Court allowed the amendment because it was clear from the original complaint that the plaintiff had merely misstated the amount of the transfer, which the amendment sought to rectify.[27]

The Court concludes that the facts in this case do not support allowing the amendment to relate back to the Original Complaint.  In this case, the Additional Transfer is not clearly part of the same transactions or occurrences identified in the Original Complaint, or part of a systematic pattern of payments, nor does the amendment seek to correct a typo.  Exhibit A shows that (1) all of the invoice and payment amounts varied, and (2) the Additional Transfer in the Amended Complaint was made before the time period covered in the Original Complaint.  The Original Complaint covered hundreds of transactions with different amounts and dates.  The Amended Complaint does not provide any further detail as to any of those transactions nor fill in any gaps in the timing of those payments.

The Plaintiffs nonetheless allege that the Savings Clause in the Complaint[28] placed the Defendant on notice that they intended

---

[26]   Circle Y, 354 B.R. at 358.

[27]   Enron, 2006 WL 2400369, at *12.

[28]   "Debtors intend to avoid and recover all such transfers made to or for the benefit of the Defendant or any other transferee during the Avoidance Period.  Debtors reserve the right to amend this Complaint to include, without limitation: (i) further

10

to recover all preference payments made during the Preference Period.  The Defendant responds that such a generic savings clause is not sufficient under Rule 15.

In Circle Y, the Court held that similar language, standing alone, was insufficient to allow an amendment under Rule 15(c), because to hold otherwise would enable a trustee to "declare that the opposing party ha[d] sufficient notice of any amendment he may make to that complaint."[29]  Similarly, the Court concludes that the Defendant in this case did not have sufficient notice of the Plaintiffs' intent to sue it to recover the Additional Transfer, simply because of the Savings Clause in the Original Complaint.

Consequently, the Amended Complaint cannot relate back to the date of the Original Complaint.  Because the Additional

---

information regarding the Transfers (as such term is defined below), (ii) additional transfers made during or before the Avoidance Period,(iii) additional plaintiffs, (iv) modifications of and/or revision to the Defendant's name, (v) additional defendants, and (vi) additional causes of action, if applicable (collectively, the "Amendments"), that may become known at ay time during this Adversary Proceeding through formal discovery or otherwise, and intend for any such Amendments to relate back to this Complaint."  Adv. D.I. 1 at ¶ 5.

[29] Circle Y, 354 B.R. at 349.  The generic language in the Circle Y complaint stated "[t]he [t]rustee reserves his right to amend this Original Complaint to include . . . additional Transfers . . . and for the Amendments to relate back to this Original Complaint."  Id. at 357.

Transfer is time-barred,[30] any amendment to add it would be futile. Accordingly, the Court will deny the Plaintiffs' Motion.

IV. CONCLUSION

For the foregoing reasons, the Court will deny the Motion for Leave to Filed an Amended Complaint.

An appropriate Order is attached.

Dated: November 28, 2023                BY THE COURT:

                                        Mary F. Walrath
                                        United States Bankruptcy Judge

---

[30] 11 U.S.C. § 546(a)(1) (requiring avoidance actions to be commenced within two years after the bankruptcy petition was filed, or by July, 2021, in this case).